1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ROBERT JOHNSON,

                          Petitioner,

      v.

JEFFREY A UTTECHT,

                          Respondent.

Case No. C19-5688-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for October 18, 2019

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 24, 2019. Dkts. 1, 7. The petition has not been served on the respondent. By order dated August 26, 2019, the Court directed petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies. Dkt. 8. Petitioner subsequently filed three documents entitled "Motion to Compel Information", "Motion for Reconsideration in Response to Order to Show Cause" and "Motion for Petitioner Initiated Summary Judgment." Dkts. 9, 10, 11.

The Court should dismiss the federal habeas petition without prejudice for failure to exhaust state judicial remedies -- and as premature in light of petitioner's pending appeal in his criminal case. The Court should further deny petitioner's "Motion to Compel Information", "Motion for Reconsideration in Response to Order to Show Cause" and "Motion for Petitioner Initiated Summary Judgment" as moot if the Court adopts the recommendation that the petition

be dismissed. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his March 29, 2018, conviction and sentence for Attempted Rape of a Child in the Second Degree, Attempted Commercial Sexual Abuse of a Minor, and Communication with a Minor for Immoral Purposes. Dkts. 1, 7. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 5. Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

Petitioner does not state that he has exhausted his state court remedies. *Id.* In fact the petition states that petitioner appealed his March 29, 2018, judgment and sentence to the Washington State Court of Appeals and indicates "no result to date, still in process" for the "result" of his appeal. Dkt. 7, at 2. Thus, the face of the petition shows the state court's judgment and sentence remain under direct appeal. *Id.*

Petitioner also indicates he intends not to bring the claims raised in his federal habeas petition to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—and he contends the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 5-12.

Petitioner states that he did not raise these issues in his direct appeal to the highest state court having jurisdiction because "[t]he State of Washington does not have jurisdictional authority to decide on United States Constitution matters, which are outside it's [sic] jurisdictional or statutory governing limits." *Id.*, at 7-13. He also states he has not raised the

grounds raised in the instant petition in a post-conviction motion or petition for habeas corpus in a state trial court. *Id.*, at 7-13. He further states that "[n]o grounds herein have been raised at the state level, as the state has no jurisdictional authority over federal matters."[1] *Id.*, at 12.

By order dated August 26, 2019, petitioner was given an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state judicial remedies and as premature in light of his pending appeal. *See* Dkt. 8. Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his federal claims, he must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). He was further advised that where a case remains under appeal, a habeas petition is premature. *Id.*; *see Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief must await the outcome of his state court appeal, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."); *Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir. 1969) ("habeas petition, filed while [petitioner's] state appeal was pending, is premature").

Petitioner filed three documents after the Court issued its order to show cause entitled "Motion to Compel Information", "Motion for Reconsideration in Response to Order to Show

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked 'yes' in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 7, at 13. The Court interprets this as a typographical or scrivenor's error -- petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

Cause" and "Motion for Petitioner Initiated Summary Judgment." Dkts. 9, 10, 11. None of these documents remedy the deficiencies in the petition noted by the Court's order to show cause. Dkt. 11. Petitioner's documents re-iterate his jurisdictional arguments and ask the court to consider the merits of his constitutional claims (that his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment) without requiring exhaustion. *Id.*

## DISCUSSION

**A.      Habeas Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies and as premature in light of petitioner's pending appeal. Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review. Dkt. 7, at 1-12. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2] Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 7, at 5-12.

---

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

1    A state prisoner is required to exhaust all state court remedies, by fairly presenting claims

2  of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28

3  U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state

4  courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal*

5  rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because

6  "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526

7  U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must

8  finish "one complete round of the State's established appellate review process," up to the highest

9  state court with powers of discretionary review. *Id.*, at 845.

10    A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted.

11  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to

12  examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957

13  (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the

14  state does not raise the issue").

15    Petitioner must raise the grounds for relief contained in his habeas petition to the

16  Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not

17  presented his grounds for relief to the state courts because the state courts lack the "jurisdictional

18  authority to decide on United States Constitution matters, which are outside [its] jurisdictional or

19  statutory governing limits." Dkt. 7, at 5-12. This argument fails because 28 U.S.C. § 2254(d)(1)

20  recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights

21  of a state criminal defendant were violated. Federal habeas relief is available to address where

22  the state court's adjudication was "contrary to, or an unreasonable application of, clearly

23

24

25

established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. Petitioner appears to argue in one of his documents filed in response to the Court's order to show cause, that presentation of his claims to the state court would be futile because the state has enacted a constitution which conflicts with the federal constitution. *See* Dkt. 10. However, state courts are "equally bound to guard and protect rights secured by the [federal] Constitution," *Ex parte Royall*, 117 U.S. 241, 251 (1886); *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981). An exception to exhaustion is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Duckworth*, 454 U.S. at 3–4; 28 U.S.C. §2254(b)(1)(B).

Petitioner makes no showing that such an exception to the exhaustion requirement applies here. *See Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) (even if a petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe they would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default."). Moreover, the fact that petitioner himself believes this to be a clear or obvious violation of the federal constitution does not excuse him from the exhaustion requirement. *See Duckworth*, 454 U.S. at 4 ("obvious constitutional errors, no less than obscure transgressions, are subject to the [exhaustion] requirements of §2254(b)[.]").

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and presents no colorable claim that an exception to the exhaustion requirement applies in his case. Accordingly, petitioner is not eligible for federal habeas review.[3]

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by

1    [4] Dkt. 6, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King*

2    *v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been

3    exhausted *at the time of filing.*") (emphasis added). The Court also notes that petitioner's direct

4    appeal of his judgment and sentence is still pending and, as such, the petition is premature and

5    should be dismissed on that basis as well. Dkt. 7, at 3.

6    **B.    "Motion to Compel Information", "Motion for Reconsideration in Response to**
     **Order to Show Cause" and "Motion for Petitioner Initiated Summary Judgment"**

7            Petitioner has also filed documents entitled "Motion to Compel Information", "Motion

8    for Reconsideration in Response to Order to Show Cause" and "Motion for Petitioner Initiated

9    Summary Judgment." Dkts. 9, 10, 11. Petitioner's "Motion to Compel Information" requests that

10   the Court "order Respondent to present the Bill of Indictment of a Grand Jury causing the order

11   of Petitioner's arrest and detainment, in accordance with the 5th Amendment of the United States

12

13

14   this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See,*
     *e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal
15   without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-
     TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies);
16   *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure
     to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of*
17   *Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-
     648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because
18   grounds raised in petition are without merit).

19   [4] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long
     been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting
20   attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S.
     516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the
     Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically
21   applied to Washington's state practice of prosecution by information. *Gaines v. Washington*, 277 U.S. 81, 48 S.Ct.
     468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-
22   659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because
     grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019)
23   (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit);
     *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of
24   petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

25

Constitution" and to "proceed in a summary way" to decide the petition. Dkt. 9. Petitioner's "Motion for Petitioner Initiated Summary Judgment" asks the Court to grant summary judgment for petitioner because "the facts are undisputed and establish a denial of petitioner's constitutional rights." Dkt. 11. Petitioner's documents otherwise repeat the jurisdictional arguments raised in his petition and discussed above and call again for the court to consider the merits of his constitutional claims without requiring exhaustion. Dkts. 9, 10, 11. Petitioner argues that because a habeas petition is "an original action," and "not an appeal or a mechanism requesting the review of [his] judgment of conviction," that his right to habeas may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

Accordingly, the Court should deny petitioner's "Motion to Compel Information", (Dkt. 9) "Motion for Reconsideration in Response to Order to Show Cause" (Dkt. 10) and "Motion for Petitioner Initiated Summary Judgment" (Dkt. 11) as moot, if the Court adopts the recommendation that the petition be dismissed.

## CONCLUSION AND DEADLINE FOR OBJECTIONS

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 6), and this action, be **dismissed without prejudice for failure to exhaust state court remedies and as premature in light of petitioner's pending appeal.** The Court further recommends petitioner's "Motion to Compel Information", (Dkt. 11) "Motion for Reconsideration in Response to Order to Show Cause" (Dkt. 10) and "Motion for Petitioner

Initiated Summary Judgment" (Dkt. 11) **be denied as moot** if the Court adopts the recommendation of dismissal of the petition.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.** A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 18, 2019**.

Dated this 2nd day of October, 2019.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge